ORIGINAL ENTERED MAY - 2 2005



# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) CASE NO. SV 04-12566-KL |
| ROBERTO GILABERT, | ) CHAPTER 7 |
| | ) Adv. No. SV 04-01286-KL |
| Debtor. | ) MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT; MOTION TO STRIKE; AND CONTINUANCE OF STATUS CONFERENCE; AND ORDER THEREON |
| RENATA GILABERT, | ) DATE:    April 28, 2005 |
| Plaintiff, | ) TIME:    3:00 p.m. |
| vs. | ) PLACE:  Courtroom 301 |
| ROBERTO GILABERT, | )           21041 Burbank Blvd. |
| Defendant. | )           Woodland Hills, CA |

Plaintiff Renata Gilabert seeks summary judgment on her complaint against defendant debtor Roberto Gilabert to determine dischargeability of debt under 11 U.S.C. §523 (a)(4), §523(a)(6), and §523(a)(15).

Plaintiff and Debtor were married in 1974 and divorced in 1984. Debtor began receiving benefits from his pension plan in January 1996. Between January 1996 and June 30, 2002, the pension payments were distributed solely to Defendant. In July 2002, and by subsequent orders entered in the state court, Plaintiff was awarded a 17.5% interest in Debtor's pension benefits.

Plaintiff has two rights to payment with respect to Debtor's pension plan. First, Plaintiff has a right to direct payment from the pension plan for 17.5% of any amounts due to Debtor. This right to payment is not against Debtor and, therefore, is not a debt subject to the Debtor's discharge in this case. See In re Gendreau, 122 F.3d. 815, 818 (9th Cir. 1997).

Second, Plaintiff has a right to payment from Debtor based on the state court's award of $33,552.83 as reimbursement for Plaintiff's share of pension benefits received by Debtor prior to the date Plaintiff began receiving direct payment from Debtor's pension plan. Unless an exception applies, this $33,552.83 claim is a debt subject to discharge under 11 U.S.C. §727. See 11 U.S.C. §101(12) (defining "debt" as a liability on a claim) and 11 U.S.C. §101(5) (defining "claim" as a right to payment). Plaintiff seeks a determination that her reimbursement claim is excepted from discharge under Sections 523(a)(4), (a)(6), and (a)(15).

A.  Section 523(a)(4) – $28,551.80, plus interest thereon, is a nondischargeable debt.

Section 523(a)(4) excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. In this case, neither embezzlement nor larceny are at issue.[1]

Plaintiff bears the initial burden of establishing the existence of a fiduciary relationship. For purposes of Section 523(a)(4), the definition of "fiduciary" is narrowly construed. Federal bankruptcy law determines whether a "fiduciary" relationship exists for the purposes of 523(a)(4). Such a determination relies, however, on whether the requisite relationship exists under state law. In re Stanifer, 236 B.R. 709 (9th Cir. BAP 1999).

---

[1] Embezzlement and larceny are avenues of recovery under Section 523(a)(4) which are separate from a showing of fraud or defalcation while acting in a fiduciary capacity. 4 Collier on Bankruptcy, ¶ 523.10[1][c], p. 523-72.

2

The 9th Cir. BAP in In re Stanifer, under facts similar to the instant case, held a fiduciary duty to exist under California statute and case law between spouses with respect to community assets from the date spouses separate to the date the funds are distributed by a court. In the instant case, Debtor received distributions from his pension plan after the parties divorced but prior to division of Debtor's pension benefits by the family court. During this "in between" period, Debtor had a fiduciary duty to Plaintiff with respect to the distributions received. The state court's order dated 7/23/02 found Plaintiff's share in such distributions to be $28,551.80 (the "July 2002 State Court Order").

Once a fiduciary relationship within the meaning of Section 523(a)(4) is established, then the burden of proof shifts to the debtor/defendant to establish that a fraud or defalcation while acting in a fiduciary capacity did not occur. The BAP in In re Stanifer stated "'defalcation' is defined as the misappropriation of trust funds or money held in any fiduciary capacity; the failure to properly account for such funds," and held the debtor ex-husband's retention of the funds held, without notice to ex-wife, to constitute defalcation for purposes of §523(a)(4). Stanifer, at 719. Similarly, Plaintiff alleges that Debtor used the distributions received prior to the "July 2002 State Court Order" for Debtor's own use and enjoyment and no portion of those distributions were remitted to Plaintiff. This allegation is not disputed. Such an act constitutes "defalcation" for the purposes of §523(a)(4).

Debtor seeks to raise an issue of material fact by contending that Plaintiff knew that Debtor was receiving pension benefit payments. Notwithstanding such knowledge, she did not make a claim for several years and Debtor believed she had waived any such claim. This contention is not sufficient to establish a material contested fact because issues of waiver and intent must be and presumably were addressed by the state court which concluded that Debtor owed Plaintiff a share of the pension benefits he received and used. Only the state court can revisit those issues. Debtor also contends that he made 5 payments to Plaintiff but stopped because he was overwhelmed by financial circumstances. The pleadings are not clear if these payments were made before or after the state court orders determining liability and it is not material to this court's analysis of nondischargeability based on Debtor's fiduciary obligations.

The state court entered an additional order on April 9, 2004 modifying the "July 2002 State Court Order." The second order increased the amount to be paid by Debtor to Plaintiff from $28,551.80 to $33,552.83. At least $2,250 of the additional amount is on account of attorney's fees. The nature of the balance of the additional amount is not clear and, presumably, is interest. However, it does seem clear that none of the additional amount is a result of the state court revisiting the amounts due to Plaintiff with respect to the pension benefits received by Debtor during the period in between divorce and the "July 2002 State Court Order."

3

Because the fiduciary relationship between Debtor and Plaintiff ended with entry of the "July 2002 State Court Order," funds in excess of $28,551.80, plus interest thereon, if any, do not fall under the §523(a)(4) exception. Attorneys fees are not excepted from discharge under §523(a)(4).

Conclusion: $28,551.80, plus interest thereon, representing pension benefits received by Debtor after divorce but prior to court division of the benefits, is nondischargeable under §523(a)(4).

> B. <u>Summary judgment may not be granted under §523(a)(6) because Plaintiff does not allege that Debtor failed to remit payment of pension amounts received prior to the "July 2002 State Court Order" with an intent to injure.</u>

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." A specific intent to injure is an essential element of a showing under §523(a)(6). <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61-62 (1998). Plaintiff has not alleged specific intent to injure on the party of Debtor. In fact, from the facts plead, it is unclear whether Debtor even knew that he would be required to pay a portion of his pension benefits to Plaintiff prior to entry of the "July 2002 State Court Order." In contrast, in two cases cited by the Plaintiff, <u>In re Wood</u>, 96 B.R. 993 (9th Cir. BAP 1988) and <u>In re Thomas</u>, 47 B.R. 27 (Bankr. S.D. Cal. 1984), the debtor ex-husband's failure to remit a portion of his received pension benefits to his ex-wife occurred after entry of a family court order awarding a percentage of such benefits to the ex-wife. In both of those cases, the ex-husband knew the ex-wife was entitled to a portion of the benefits and yet did not remit any of the benefits to her. <u>Wood</u> and <u>Thomas</u> do not support Plaintiff's request for Section 523(a)(6) relief under the facts of the instant case.

Conclusion: Plaintiff is not entitled to summary judgment under Section 523(a)(6).

> C. <u>Summary judgment may not be granted under §523(a)(15) because Defendant seeks a discharge under the "hardship" provisions of §523(a)(15)(A) or (B).</u>

Section 523(a)(15) provides that an individual debtor may not discharge any debt *"not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless –*
  *(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if*

4

> *the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or*
>
> *(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the debtor."*

Sections 523(a)(15) and (a)(4) are separate and distinct causes of action. Therefore, having previously found the majority of the debt at issue in this case to be nondischargeable under §523(a)(4), it is not necessary to revisit that finding under §523(a)(15). However, the findings under §523(a)(4) do not cover the entirety of Plaintiff's claim against Debtor. In particular, attorneys' fees awarded by the state court are not covered by the fiduciary duty that is the basis for the relief granted under §523(a)(4).

Whether Debtor qualifies for a "hardship" discharge under §523(a)(15) is a question of fact which is in dispute between the parties.

Conclusion: Summary judgment for any portion of Plaintiff's claim addressed solely by the provisions of §523(a)(15) must be denied.

### D.    Plaintiff's Motion to Strike Opposition

Debtor's opposition to the motion for summary judgment was filed one day late and served at least two days after the date such service should have been done. Plaintiff filed a motion to strike the opposition on these grounds. Debtor opposed the motion to strike and offered an explanation for the failure to timely respond.

The court considered the pleadings on this issue and finds that Plaintiff was not harmed by the delay. Debtor's failure to comply with applicable rules is not taken lightly by this court. However, the remedy requested is too draconian for the breach involved. Debtor's counsel is admonished to take greater care in the future. Plaintiff's motion to strike is DENIED.

### E.    Conclusion

Based on the foregoing, Plaintiff's counsel should lodge an order with the court which provides that:

1.   Summary judgment in favor of Plaintiff in the amount of $28,551.80, plus interest thereon, representing pension benefits received by Debtor after divorce but prior to court division of the benefits, is GRANTED under §523(a)(4) and such amount is declared nondischargeable in this bankruptcy case.

5

2. Summary judgment under Section 523(a)(6) is DENIED.

3. Summary judgment for any portion of Plaintiff's claim addressed solely by the provisions of §523(a)(15) is DENIED.

4. Plaintiff's motion to strike Debtor's opposition is DENIED.

5. A status conference to determine further proceedings in this adversary is set for May 24, 2005, at 3:00 PM.

**IT IS SO ORDERED.**

Dated: MAY 0 2 2005

_____
Kathleen Thompson Lax
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I hereby certify that copies of the MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT; MOTION TO STRIKE; AND CONTINUANCE OF STATUS CONFERENCE; AND ORDER THEREON were mailed to the following parties in interest:

DATED: MAY 02 2005

JON D. CERETTO
CLERK OF COURT

By: _____
Deputy Clerk

Office of the U.S. Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367

Robert Gantman, Esq.
Law Offices of Robert Gantman
15760 Ventura Blvd., Ste. 1520
Encino, CA 91436

Kenneth E. Cohen, Esq.
20700 Ventura Blvd., Ste. 234
Woodland Hills, CA 91364

Nancy H. Zamora
444 S. Flower Street, #1550
Los Angeles, CA 90071

Roberto Gilabert
25690 Bellerive Drive
Valencia, CA 91355